IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND ZERR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 14-4428 |

ORDER

AND NOW, this 27th day of April, 2016, upon consideration of plaintiff Raymond Zerr's brief and statement of issues in support of request for review (docket entry #9), defendant Carolyn W. Colvin's response thereto, the Honorable Lynne A. Sitarski's Report and Recommendation ("R&R") (docket entry #14), plaintiff's objections thereto (docket entry #15), and defendant's response to those objections, and the Court finding that:

(a) Our review of an Administrative Law Judge's ("ALJ") decision is deferential, as we are bound by findings of fact if they are supported by substantial evidence in the record, Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000), and we are limited to determining whether there is substantial evidence to support the ALJ's decision, Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999);

(b) Substantial evidence is more than a mere scintilla and consists of such relevant evidence that a reasonable mind might accept as adequate, and even if the record could support a contrary conclusion, an ALJ's decision will not be overruled so long as there is substantial evidence to support it, Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000);

(c) Judge Sitarski recommends that we deny plaintiff's motion for summary judgment and request for review, R&R at 25;

(d) Local Civil Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

(e) We make de novo determinations of those portions of the report or specified proposed findings or recommendations to which petitioner objects, see 28 U.S.C. § 636;

(f) Plaintiff did not object to the R&R's factual and procedural history, which we now adopt, and, since we write only for the parties, do not rehearse here;

(g) Plaintiff timely filed objections[1] to the R&R, which we now consider;

(h) First, plaintiff objects to the portion of the R&R finding that substantial evidence supported the ALJ's evaluation of the opinion evidence presented;

(i) Plaintiff argues that the ALJ (1) disregarded plaintiff's treating sources' opinions and gave significant weight to non-treating and non-examining sources, (2) failed to properly evaluate the opinion of Nurse Solga, and (3) cherry-picked from Dr. Maleski's opinion, Objections at 2-3;

(j) To be found disabled, a plaintiff must have an underlying medically determinable impairment established by an acceptable medical source, 20 C.F.R. §§ 404.1513(a), 404.1527(a), 416.913(a), 416.927(a), and once an underlying impairment has been established, the nature and severity of that impairment may be evaluated through evidence from other

---

[1] Defendant argues that plaintiff's objections boil down to an allegation that it was error not to accept the arguments he made in his brief. Def.'s Resp. at 1.

sources, which are medical sources that do not qualify as acceptable medical sources, 20 C.F.R. §§ 404.1513(a), 416.913(d);

(k) The ALJ determines how much weight to afford the opinions of the treating, examining, and non-examining sources, Yorgey v. Astrue, 2012 WL 6188469, *5 (E.D. Pa. Dec. 11, 2012) (Baylson, J.) (citing Solter v. Comm'r of Soc. Sec. Admin., 2010 WL 3620213, *7 (E.D. Pa. Aug. 6, 2010) (Rice, M.J.));

(l) The ALJ typically should afford great deference to treating physicians' reports, but the ALJ may discredit a medical source's opinion when there is contradictory evidence in the record and may give more or less weight depending upon the extent to which supporting explanations are provided, Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), and so the ALJ is not bound by the opinion of any one medical source and can discredit an opinion for lack of support or because of a finding of contradictory evidence in the record;

(m) The ALJ noted that Dr. Napolitano's October 2011 statement was contradicted by evidence in the record, including his August 2011 statement regarding plaintiff's limitations, R&R at 12 (citing R. 17, 295-96, 348-50, 214-16, 218);

(n) The ALJ explained the weight he gave to the treating, examining, and non-treating sources, specifically giving significant weight to Dr. Fretz's findings, moderate weight to Dr. Maleski's July 2012 interrogatory answers, moderate weight to Dr. Napolitano's opinion, and slight weight to Nurse Solga's opinion, see R. 18-19, and further explained where he agreed or disagreed with those sources and what evidence compelled him to do so;

(o) The ALJ, in evaluating the weight given to Nurse Solga's opinion, explained that he appeared to over-estimate plaintiff's symptoms and found his opinion less persuasive than the opinions of Dr. Fretz and Dr. Maleski, R. 19;

(p) Plaintiff objects that the ALJ disregarded SSR 06-03p's dictate that nurse practitioners may provide evidence to show the severity of the impairment, but the ALJ (and the R&R) did not discount Nurse Solga's opinion because he is a nurse practitioner;

(q) Rather, the ALJ discussed Nurse Solga's treatment notes and Dr. Napolitano's records that plaintiff did not have difficulties with concentration and had made progress in therapy, R. 17-18, and as the R&R pointed out, substantial evidence supported the ALJ's decision, including the August 30, 2012 Mental Impairment Questionnaire, R. 391, 394, which was contradicted by Dr. Napolitano's office visit notes, M.A. Carroll's opinion, and Dr. Fischetto's interrogatories, see R&R at 16;

(r) Thus, the ALJ's decision to give slight weight to Nurse Solga's opinion because it was contradicted by the medical record was supported by substantial evidence;

(s) Plaintiff also claims that the ALJ cherry-picked from Dr. Maleski's opinion, but he makes this objection without any further explanation, Objections at 3;

(t) As the R&R explained, the ALJ specifically acknowledged Dr. Maleski's opinion regarding plaintiff's moderate and marked difficulties, but instead concurred with Dr. Fretz's findings based on the treatment notes, R&R at 17;

(u) Because substantial evidence supported the ALJ's findings and the ALJ properly determined and explained what weight he gave to the various sources, we will overrule plaintiff's first objection;

(v) Second, plaintiff objects to the portion of the R&R finding that substantial evidence supported the ALJ's step two evaluation;

(w) Plaintiff argues that the ALJ failed to follow the slight abnormality standard to assess the severity of plaintiff's back impairment, Objections at 4;

4

(x) The step two inquiry is a <u>de minimis</u> screening device to dispose of groundless claims, <u>Newell v. Comm'r of Soc. Sec.</u>, 347 F.3d 541, 546 (3d Cir. 2003), and the claimant bears the burden of demonstrating that he has a medically determinable severe impairment or combination of impairments, <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-41 (1987);

(y) To be medically determinable, an impairment must be established by medical evidence, not only by the claimant's statement of symptoms, and to be severe, an impairment must significantly limit the claimant's ability to do basic work activities, 20 C.F.R. §§ 404.1509, 416.908, 404.1521(a), 416.921(a);

(z) Severe impairments are different from slight abnormalities, which have such minimal effect that they would not be expected to interfere with the claimant's ability to work, <u>Salles v. Comm'r of Soc. Sec.</u>, 229 F. App'x 140, 144 (3d Cir. 2007);

(aa) The impairment must also be expected to last for a continuous period of at least twelve months, i.e. meet the duration requirements, 20 C.F.R. §§ 404.1509, 416.909;

(bb) At step two, the ALJ concluded that plaintiff's back pain was not severe, noting that there was little evidence in the record with respect to that condition, R. 15, though he acknowledged the January 14, 2011 emergency record, R. 15 & R. 267;

(cc) Although the ALJ did not discuss plaintiff's office visit on July 18, 2011 with Dr. Napolitano or Dr. Napolitano's October 2011 medical source statement, as the R&R noted, plaintiff complained of flank pain in July of 2011 but not at the subsequent October 2011 visit, and Dr. Napolitano makes no mention of the back pain in his October 2011 statement, R&R at 22;

(dd) The ALJ is not required to specifically discuss non-pertinent or non-probative records, <u>Johnson v. Comm'r of Soc. Sec.</u>, 529 F.3d 198, 204 (3d Cir. 2008);

   (ee)  Although plaintiff baldly states that the ALJ's consideration of plaintiff's back pain as non-severe violated 20 C.F.R. § 416.921 and SSR 96-3p, he provides no arguments in support of that contention, nor is the Court able to find any evidence in the record demonstrating that plaintiff's back pain affects his ability to do basic work activities;

   (ff)  As substantial evidence supports the ALJ's step two finding, we will overrule plaintiff's second objection;

   (gg)  And third, plaintiff objects to the portions of the R&R finding that substantial evidence supported the ALJ's step three evaluation;

   (hh)  Plaintiff argues that plaintiff has marked restrictions in activities of daily living and marked difficulties in maintaining concentration, persistence, or pace, and therefore meets the paragraph B criteria of Adult Listing 12.04, Objections at 5;

   (ii)  The ALJ afforded controlling weight to Dr. Fretz's September 2, 2011 opinion that plaintiff had only mild restrictions in activities of daily living and moderate difficulties maintain concentration, persistence, or pace, a determination that precluded plaintiff from meeting Listings 12.04 and 12.06, R. 14-15, 18;

   (jj)  The ALJ gave Dr. Maleski's opinion significant weight, but adopted Dr. Fretz's opinion regarding plaintiff's limitations in daily living activities and maintaining concentration, persistence, or pace, gave Nurse Solga's opinion slight weight, and found plaintiff's statements concerning the intensity, persistence, and limiting effect of his symptoms incredible to the extend they were inconsistent with the RFC determination, id.;

   (kk)  Although plaintiff cites to other evidence in the record and his own testimony regarding his limitations, as recounted in the R&R, the ALJ's decision was supported by substantial evidence;

(ll)     We will therefore overrule plaintiff's third objection; and

(mm)   As we have overruled all of plaintiff's objections, we will approve and adopt the R&R.

It is hereby ORDERED that:

1.     Plaintiff's objections (docket entry #15) are OVERRULED;

2.     The Report and Recommendation (docket entry #14) is APPROVED AND ADOPTED;

3.     Plaintiff's motion for summary judgment and request for review (docket entry #9) is DENIED; and

4.     The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.